[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 21-11102

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

*versus*

ELISABETH GREENHILL,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cr-00108-MHC-UNA-1

_____

Case 1:18-cr-00108-MHC-UNA   Document 276   Filed 02/04/22   Page 2 of 14
USCA11 Case: 21-11102   Date Filed: 02/04/2022   Page: 2 of 12

2                    Opinion of the Court                    21-11102

Before LUCK, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Elisabeth Greenhill appeals her conviction after pleading guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. 1349. Greenhill was sentenced to 87 months' imprisonment. No reversible error has been shown; we affirm Greenhill's conviction and sentence and dismiss this appeal in part.

## I.

In 2018, a federal grand jury charged Greenhill and Greenhill's brother (Jonathan) with conspiracy to commit wire fraud and with five counts of wire fraud. Briefly stated, Greenhill and Jonathan owned and operated a travel agency that specialized in making arrangements for faith-based and humanitarian organizations to travel overseas for mission or humanitarian work. The superseding indictment alleged that Greenhill and Jonathan engaged in a fraudulent scheme in which they diverted client funds to use for their own personal benefit.

Greenhill initially pleaded not guilty.* Greenhill later pleaded guilty -- pursuant to a written plea agreement -- to the conspiracy count in exchange for the dismissal of the remaining wire-

---

* Jonathan also pleaded not guilty to the charged offenses and proceeded to trial. The jury trial began on 24 February 2020: three weeks after his sister pleaded guilty. The jury found Jonathan guilty of all six counts. Jonathan was later sentenced to 37 months' imprisonment.

21-11102               Opinion of the Court                3

fraud counts. Throughout the plea process, Greenhill was represented by her second court-appointed lawyer (P.C.).

On 3 February 2020, the district court conducted a change-of-plea hearing. During the plea colloquy, Greenhill testified under oath that she understood the plea agreement, that no one had threatened or coerced her to plead guilty, that she had had sufficient time to think about and to discuss with her lawyer her decision to plead guilty, and that she was satisfied with her lawyer's representation. Greenhill also said she agreed with the government's factual proffer and that she was in fact guilty of conspiracy to commit wire fraud. The district court reviewed the terms of the plea agreement's appeal waiver, explaining that by pleading guilty, Greenhill was giving up her right to appeal her conviction and sentence except in three narrow circumstances. Greenhill confirmed that she understood the appeal waiver.

At the end of the plea colloquy, the district court determined that Greenhill understood the charges against her and the consequences of her guilty plea, that Greenhill was pleading guilty knowingly and voluntarily, and that her plea was supported by an independent factual basis. The district court accepted Greenhill's plea and adjudicated Greenhill guilty of conspiracy to commit wire fraud.

The probation officer prepared a Presentence Investigation Report ("PSI"). The PSI calculated a total offense level of 26: a level that included a three-level acceptance-of-responsibility reduction and enhancements based upon the estimated loss amount

Case 1:18-cr-00108-MHC-UNA   Document 276   Filed 02/04/22   Page 4 of 14
USCA11 Case: 21-11102   Date Filed: 02/04/2022   Page: 4 of 12

4               Opinion of the Court                21-11102

(between $550,000 and $1.5 million), the number of victims involved, and Greenhill's role in the offense. This total offense level combined with Greenhill's criminal history category of I resulted in a guidelines range of 63 to 78 months' imprisonment. Greenhill filed timely objections to the PSI.

On 4 September 2020 -- four days before Greenhill's scheduled sentencing hearing and seven months after Greenhill pleaded guilty -- Greenhill moved to withdraw her guilty plea. P.C. moved simultaneously to withdraw as Greenhill's lawyer. The district court granted P.C.'s motion and appointed a third lawyer (E.M.) to represent Greenhill from that time.

Through her new lawyer, Greenhill filed a superseding motion to withdraw her guilty plea. Greenhill asserted that she did not fully understand the plea agreement and had been pressured into accepting the government's plea offer as a means to help exonerate her brother. Greenhill also contended that P.C. had failed to advise her adequately about her plea options and had failed to advise her about the potential conflict of interest stemming from Greenhill's use of the forensic accountant retained by Jonathan.

The district court ordered an evidentiary hearing on Greenhill's motion to withdraw her plea. On the morning of the scheduled hearing, however, Greenhill withdrew her motion. Greenhill told the district court under oath that it was her "choice and desire" to withdraw the motion to withdraw her guilty plea. The district court reset the date for sentencing.

Case 1:18-cr-00108-MHC-UNA   Document 276   Filed 02/04/22   Page 5 of 14
USCA11 Case: 21-11102    Date Filed: 02/04/2022    Page: 5 of 12

21-11102               Opinion of the Court                5

Shortly thereafter, E.M. moved to withdraw as Greenhill's lawyer. According to E.M., Greenhill now asserted that E.M. had coerced and pressured Greenhill to withdraw the earlier-filed motion to withdraw Greenhill's guilty plea. The district court granted E.M.'s motion to withdraw as counsel and appointed a fourth lawyer (S.D.) to represent Greenhill. Greenhill then filed a second motion to withdraw her guilty plea, reiterating the arguments raised in Greenhill's initial motion.

The district court conducted a two-day evidentiary hearing on Greenhill's motion. The district court then issued a 45-page written order denying Greenhill's motion to withdraw her guilty plea.

The district court found Greenhill's hearing testimony not credible. The district court noted that Greenhill's assertion that she was pressured to plead guilty to help her brother was undermined by evidence that Greenhill understood that the plea agreement's factual proffer expressly named Jonathan as a co-conspirator. That Greenhill first moved to withdraw her plea six months after Jonathan was tried and had been convicted also belied Greenhill's testimony that her chief plea motivation was to help her brother.

The district court then found Greenhill's complaints about P.C.'s representation not credible in the light of Greenhill's contemporaneous emails praising P.C.'s performance. The district court credited the hearing testimony of P.C., S.M., and the forensic accountant: testimony that contradicted Greenhill's allegations about the events surrounding the plea process. The district court

Case 1:18-cr-00108-MHC-UNA   Document 276   Filed 02/04/22   Page 6 of 14
USCA11 Case: 21-11102   Date Filed: 02/04/2022   Page: 6 of 12

6                      Opinion of the Court                   21-11102

also found the timing of Greenhill's various motions about withdrawing her guilty plea (motions filed mere days or hours before sentencing) evidenced an "express purpose of manipulating the system in order to delay the final resolution of her case."

The district court determined that Greenhill failed to demonstrate the falsity of statements Greenhill made while under oath at the plea colloquy. After considering the totality of the evidence, the district court determined that Greenhill had close assistance of counsel and that Greenhill's plea was made knowingly and voluntarily. The district court also explained that permitting Greenhill to withdraw her guilty plea would result in a waste of judicial resources and undue prejudice to the government.

At Greenhill's sentencing hearing, the district court found that Greenhill perjured herself during the evidentiary hearing on her motion to withdraw her plea. The district court thus granted the government's request for an obstruction-of-justice enhancement and also declined to apply the three-level reduction for acceptance of responsibility. Greenhill's advisory guidelines range was then calculated as between 87 and 108 months. The district court sentenced Greenhill to a within-guidelines sentence of 87 months' imprisonment.

## II.

### A.

On appeal, Greenhill first challenges the district court's denial of her motion to withdraw her guilty plea. Greenhill asserts

Case 1:18-cr-00108-MHC-UNA   Document 276   Filed 02/04/22   Page 7 of 14
USCA11 Case: 21-11102   Date Filed: 02/04/2022   Page: 7 of 12

21-11102               Opinion of the Court                        7

that her guilty plea was not knowing and voluntary. Greenhill contends (as she did in the district court) that her lawyer (P.C.) performed deficiently by failing to advise her adequately during the plea process and by failing to advise her about the forensic accountant's potential conflict of interest.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). We will not reverse the district court's decision unless the denial was "arbitrary or unreasonable." *Id.*

A defendant -- like Greenhill -- who seeks to withdraw a guilty plea after the court has accepted the plea, but before sentencing, bears the burden of demonstrating a "fair and just reason" for doing so. *See* Fed. R. Crim. P. 11(d)(2)(B); *Brehm*, 442 F.3d at 1298. We construe liberally whether a defendant's pre-sentence motion to withdraw is supported by a "fair and just reason." *See United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). A defendant, however, has "no absolute right to withdraw a guilty plea." *Id.* Instead, whether a defendant will be allowed to withdraw her plea is a decision "left to the sound discretion of the trial court." *Id.*

In determining whether a defendant has satisfied her burden of showing a "fair and just reason" for withdrawal of her guilty plea, the district court must "consider the totality of the circumstances surrounding the plea." *Id.* at 471-72. In particular, the district court considers "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3)

Case 1:18-cr-00108-MHC-UNA   Document 276   Filed 02/04/22   Page 8 of 14
USCA11 Case: 21-11102   Date Filed: 02/04/2022   Page: 8 of 12

8                        Opinion of the Court                    21-11102

whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Brehm*, 442 F.3d at 1298. If the defendant cannot satisfy the first two factors, we have said that the district court need not give "considerable weight" or "particular attention" to the remaining factors. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

We also consider the timing of a defendant's motion to withdraw her plea. *See id.* "The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Buckles*, 843 F.2d at 473.

The district court abused no discretion in denying Greenhill's motion to withdraw her guilty plea. The record demonstrates that Greenhill received close assistance from her court-appointed lawyer (P.C.) during the plea process. While serving as Greenhill's lawyer, P.C. met with Greenhill 11 times, had several phone conversations with Greenhill, and exchanged 226 emails with Greenhill. P.C.'s credible testimony at the evidentiary hearing supported a finding that P.C. discussed adequately the available plea options and advised Greenhill repeatedly that the final decision about how to plead was hers to make.

Moreover, Greenhill's testimony under oath at the plea colloquy -- that she had discussed fully her case and the plea agreement with her lawyer and needed no more time to do so -- contradicts Greenhill's later assertion that P.C. failed to advise her

Case 1:18-cr-00108-MHC-UNA   Document 276   Filed 02/04/22   Page 9 of 14
USCA11 Case: 21-11102   Date Filed: 02/04/2022   Page: 9 of 12

21-11102               Opinion of the Court                    9

adequately about the consequences of her plea and rushed her into making a decision. Statements made under oath by a defendant during a plea colloquy receive a strong presumption of truthfulness. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). A defendant "bears a heavy burden" to show that statements made under oath were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Considering the record in this case, Greenhill has not satisfied her "heavy burden" of showing that her statements made under oath at the plea colloquy were false.

The record also demonstrates that Greenhill's guilty plea was entered knowingly and voluntarily. In determining whether a plea was knowing and voluntary, the district court must address the three core concerns underlying Fed. R. Crim. P. 11: (1) whether the guilty plea was free from coercion; (2) whether the defendant understood the nature of the charges; and (3) whether the defendant understood the consequences of her guilty plea. *United States v. Hernandez-Fratire*, 208 F.3d 945, 949 (11th Cir. 2000).

At the plea colloquy, the district court confirmed that Greenhill understood the trial rights she would give up by pleading guilty and that she understood the terms of the plea agreement; the court confirmed that no one had coerced Greenhill or promised her anything to plead guilty; and the court confirmed that Greenhill was satisfied with her lawyer and had sufficient time to consider her plea. The district court then found Greenhill's plea was knowing and voluntary.

Greenhill later contended, however, that she failed to understand fully that pleading guilty would not benefit her brother. After hearing and seeing personally Greenhill's testimony and demeanor at the evidentiary hearing, the district court found Greenhill's testimony on this issue not credible. We will not disturb (nor has Greenhill challenged on appeal) the district court's adverse credibility finding. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses.").

To the extent Greenhill challenges the voluntariness of her plea based on a purported conflict of interest, we reject that argument. After reviewing the financial records provided by Greenhill, the forensic accountant concluded that the records were "indicative of fraud" on Greenhill's part and advised Greenhill that he would be unable to testify in her defense. Nothing evidences that the forensic accountant's financial analysis was inaccurate or influenced by an impermissible conflict of interest. That the forensic accountant encouraged Greenhill to plead guilty in the light of the evidence of Greenhill's guilt does not render Greenhill's plea unknowing or involuntary.

Because the record demonstrates both that Greenhill had close assistance of counsel and that Greenhill entered her guilty plea knowingly and voluntarily, the district court abused no discretion in denying Greenhill's motion to withdraw her plea.

21-11102               Opinion of the Court                    11

Furthermore, given the timing of Greenhill's motion -- filed seven months after Greenhill pleaded guilty and six months after Jonathan's full jury trial -- allowing Greenhill to withdraw her guilty plea at that late stage would result in a substantial waste of judicial resources and undue prejudice to the government. *See Buckles*, 843 F.2d at 474 (explaining that, in determining the prejudice to the government, a court may consider "the time, money, and effort the government would have to devote to reassembling witnesses and evidence that were allowed to scatter after the acceptance of the guilty plea").

Considering the totality of the circumstances, we cannot conclude that the district court's denial of Greenhill's motion to withdraw her plea was arbitrary or unreasonable. We affirm Greenhill's conviction.

### B.

On appeal, Greenhill also seeks to challenge the procedural and substantive reasonableness of her 87-month sentence. The government asserts that Greenhill's sentencing arguments are barred by the appeal waiver in Greenhill's plea agreement.

We review *de novo* the validity of an appeal waiver. *See United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). An appeal waiver is enforceable if it is made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was knowing and voluntary, the government must show either (1) that the district court questioned the

Case 1:18-cr-00108-MHC-UNA Document 276 Filed 02/04/22 Page 12 of 14
USCA11 Case: 21-11102 Date Filed: 02/04/2022 Page: 12 of 12

12               Opinion of the Court               21-11102

defendant expressly about the appeal waiver during the plea colloquy, or (2) that the record otherwise makes clear that the defendant understood the full significance of the appeal waiver. *Id.*

We conclude that Greenhill's challenges to her within-guidelines sentence are barred by her appeal waiver. Greenhill's written plea agreement provided that Greenhill waived "voluntarily and expressly" her right to appeal her sentence "on any ground, except that [she] may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court."

During Greenhill's plea colloquy, the district court discussed in detail the terms of the appeal waiver. Among other things, the district court explained that Greenhill was waiving the right to appeal her sentence except in narrow circumstances not applicable in this case. Greenhill said that she had discussed the appeal waiver with her lawyer, that she understood the appeal waiver, and that she had reviewed and signed the plea agreement. Because the record demonstrates that Greenhill waived knowingly and voluntarily her right to appeal her sentence, we will enforce the plea agreement's appeal waiver. We thus dismiss Greenhill's appeal to the extent she challenges the reasonableness of her sentence.

AFFIRMED; APPEAL DISMISSED IN PART.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 04, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-11102-BB
Case Style: USA v. Elisabeth Greenhill
District Court Docket No: 1:18-cr-00108-MHC-UNA-1

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L.

<u>Richardson, BB</u> at <u>(404) 335-6174</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion